## EL ASILO DE DAMAS *v.* MARTÍNEZ.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 64. Resuelto en Abril 14, 1905.

EXCEPCIÓN PREVIA.—FALTA DE PARTE DEMANDANTE.—Establecida una demanda por una persona jurídica, es indispensable expresar en ella si dicha entidad es ó no una corporación, y las facultades por virtud de las cuales funcione, posea bienes y tenga capacidad para demandar y ser demandada, pues de lo contrario la demanda estará sujeta á la excepción de falta de parte demandante.

ID.—FALTA DE ACUMULACIÓN DE PARTES DEMANDADAS.—Solicitada en una demanda la declaración de nulidad de un testamento, y apareciendo de la misma que el testador dejó una viuda y varios hijos, é interpuesta la demanda solamente contra la viuda, la excepción de falta de acumulación de partes demandadas, es procedente, pues la demanda ha debido dirigirse también contra todos los hijos ó herederos del testador.

ID.—ENMIENDAS Á LA DEMANDA.—En los casos en que la demanda hubiere sido excepcionada por falta de parte demandante y falta de acumulación de partes demandadas y de hechos que constituyan causa de acción, la parte puede corregir esos defectos enmendando la demanda, si la Corte así lo permite en el ejercicio de una sana discreción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Hernández López.*

Abogado del apelado: *Sr. Texidor.*

El Juez Asociado Sr. MacLeary, emitió la Opinión del Tribunal.

La presente es una demanda que fué entablada por el Asilo contra la Sra. Josefa Diana Martínez con el fin de anular la sustitución del heredero de Juan Bautista Silva hecha por Don José Apolinario Laboy, en favor del menor de edad Don José Laboy y Fernández en su última voluntad y testamento otorgado en 30 de Septiembre de 1895, y en consecuencia de dicha nulidad, la de los actos del citado José Laboy y Fernández como heredero administrador de los bienes del Sr. Silva, con inclusión de su testamento que á favor de Doña Josefa Diana Martínez otorgó en 4 de Octubre de 1903, declarando también propiedad del Asilo los bienes que constituyeron la hacienda del citado Don Juan Bautista Silva.

Al pleito entablado por el demandante en la Corte de Distrito de Ponce, la demandada interpuso una excepción previa fundada en un defecto de partes, y en que la citada demanda no consignaba suficientes hechos para constituir una causa de acción.—La Corte de Distrito sostuvo esta excepción previa y dictó sentencia á favor de la demandada y en contra del demandante, y contra dicha sentencia el demandante interpuso la presente apelación para ante este Tribunal.

### PRIMERO.

Lo natural sería que el defecto de las partes se alegara primero con respecto á la falta de autoridad del demandante para entablar la demanda, y segunda con respecto á la indebida acumulación de las partes demandadas, pero en la alegaciones hechas en los autos se ha invertido este orden.

En su petición el demandante deja de consignar si el

Asilo que entabla esta demanda es ó no una corporación, y deja también de expresar la autoridad por virtud de la cual existe y posee propiedad, y el derecho de demandar ó ser demandado.—En su informe oral ante la Corte Suprema alega que fué reconocido por la Reina de España, pero esto no remedia los defectos de su petición. Es preciso que consideremos este asunto tal como fué presentado en la corte inferior, la que no tuvo á la vista las alegaciones hechas en el argumento ante este Tribunal. La Excepción previa presentada por la demandada con respecto al defecto de la petición era ciertamente eficaz en lo que se refiere á la personalidad del demandante. No se expresa en la citada petición, de una manera clara y adecuada, si existe ó nó, y por esta razón la corte inferior procedió correctamente al sostener la excepción previa.

### SEGUNDO.

Las objeciones hechas á la demanda por falta de una acumulación propia de las partes, están bien fundadas. La demanda tiene por objeto la anulación del testamento de José Laboy Fernández, y aparece de la petición que no solamente dejó una viuda, sino también varios hijos, los que tienen un interés en los bienes de aquél, y si se anulase el testamento sería en perjuicio de sus derechos ó de las reclamaciones que sobre la propiedad puedan ellos hacer en virtud de dicho testamento.

No pueden prosperar las pretenciones que el abogado del demandante expresó en su informe oral ante este Tribunal, ó sea, las de limitar los efectos del pleito entablado, á la propiedad que trae su origen en los bienes de Don Juan Bautista Silva, y decimos que semejante pretensión no puede prosperar porque hemos de atenernos á la demanda y no á los argumentos que aquí se presenten. La demanda no limita claramente los efectos

del pleito tan solo á la propiedad que trae su origen de los bienes de Silva, pero si hubieran de seguirse las consecuencias que naturalmente se derivan de ella, afectaría el testamento en toda su integridad y asimismo todos los bienes transmitidos por él.

Por esta razón los herederos de Laboy y Fernández son las partes que deben ser demandadas en el presente pleito, y debían haber sido acumuladas como demandados en el mismo.

No es necesario tomar nota de la tercera alegación hecha por la parte apelada ó sea, que la demanda no demuestra ninguna causa de acción; en vista de que no había sucedido el caso en que dispuso el Sr. Silva que los bienes serían propiedad del Asilo, porque en otro pleito el demandante podrá corregir ese defecto, así como el defecto de las partes anteriormente mencionado.

Por supuesto la Corte sentenciadora, en el ejercicio de una sana discreción, con arreglo al Artículo 140 del Código de Enjuiciamiento Civil, permitirá al demandante enmendar su demanda y perfeccionarla de acuerdo con lo indicado en la presente.

Por las razones indicadas la sentencia de la Corte de Distrito debe confirmarse con las costas al apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Wolf.